# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| SAMUEL FETCHERO et al., <br><br> Plaintiff(s), <br><br> v. <br><br> AMICA MUTUAL INSURANCE COMPANY, <br><br> Defendant. | CASE NO. 2:22-cv-00400-TL <br><br> MINUTE ORDER STRIKING MOTIONS WITH LEAVE TO REFILE |

The following Minute Order is made at the direction of the Court, the Honorable Tana Lin, United States District Judge:

(1) On October 18, 2022, Plaintiff moved for leave to file a Second Amended Complaint. Dkt. No. 18. Plaintiff is required to seek the Court's leave to amend absent the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The motion was noted as a third-Friday motion, consistent with LCR 7, indicating the motion was opposed, but no opposition briefing was filed by Defendant. Pursuant to Judge Lin's Standing

Order in All Civil Cases ("Standing Order") "motions shall contain a certification that the Parties have met and conferred . . . . Parties must make a meaningful effort to confer prior to filing a motion. . . . and a motion's filing [] shall explain their specific efforts to comply. Motions that do not comply may be summarily denied." Standing Order at § 2(D). Here, Plaintiff's motion does not contain a certification that the parties met and conferred prior to its filing.

(a) The Clerk is therefore directed to STRIKE the motion at Dkt. No. 18 as procedurally deficient.

(b) The Parties are ORDERED to meet and confer regarding the proposed Second Amended Complaint. If Defendant does not oppose the proposed amendments, the Parties are directed to file a stipulated motion to amend with Defendant's written consent pursuant to Rule 15(a)(2). Otherwise, Plaintiff shall refile its motion in accordance with all applicable procedural rules.

(2) On November 18, the Parties filed a stipulated motion to continue certain pre-trial dates with a proposed amended case management schedule. Dkt. No. 21. The Parties' proposed schedule would change the dispositive motion deadline from February 23, 2023, to March 31, 2023. The Parties agree that good cause exists to amend the schedule without changing the currently scheduled trial date set for June 26, 2023. *Id.* at 2. Per the Court's order setting the trial date, the Court "will not decrease the amount of time between the dispositive motion [] deadlines and the trial date unless the parties set forth an extraordinary basis for doing so. Any changes in the dispositive motion [] deadlines will result in a change of the trial date." Dkt. No. 13 at 2-3; *see also* Standing Order at § II(G) ("Judge Lin will not decrease the amount of time between the dispositive motion deadline and the trial date (i.e. four months)

unless the Parties set forth an extraordinary basis for doing so."). Here, the Parties fail to set forth an extraordinary basis for their proposed amended schedule.

    (a) The Clerk is therefore directed to STRIKE the motion at Dkt. No. 21 as procedurally deficient.

    (b) The Court GRANTS the Parties leave to refile a stipulated motion that either sets out the extraordinary basis for their proposed amended schedule, including any dates for which they are unavailable for trial from October through December 2023, or proposes an amended trial schedule that complies with the Court's orders. The Parties are welcome to contact Courtroom Deputy Clerk Kadya Peter at Kadya_Peter@wawd.uscourts.gov to inquire as to the Court's availability prior to proposing a new trial date, if necessary.

Dated this 22nd day of November 2022.

                                            Ravi Subramanian
                                            Clerk of the Court

                                            s/ Kadya Peter
                                            Deputy Clerk