UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

**JAMAL N. WHITEHEAD** (206) 370-8700
DISTRICT JUDGE

August 3, 2023

**Delivered Via CM/ECF**

RE:   *Fetchero et al. v. Amica Mut. Ins. Co.*, No. 2:22-cv-400
      Stipulated Protective Order

Dear Counsel:

On July 19, 2023, the Court received your proposed Stipulated Protective Order. Dkt. No. 41. You provided a redlined version identifying departures from this District's model protective order on July 28, 2023.

Under Fed. R. Civ. P. 26(c), protective orders may be entered to protect confidential business information or to limit the scope of specific disclosures. The Court may issue a protective order if the parties show good cause. Although the parties may agree on confidentiality among themselves, when they request that the Court be involved, the proposed order must be narrowly drawn, identifying both the type of information that is to be protected and, if not obvious, the justification for the protection. As stated in LCR 5(g), there is a strong presumption of public access to the Court's records which may be overcome only on a compelling showing that the public's right of access is outweighed by the interests of the public and the parties in protecting files, records, or documents from public review.

The stipulated protective order submitted here is problematic in the following respects:

> First, the revised language at section 4.3 is ambiguous. If the parties mean that any materials designated as confidential may be filed with the Court without the need to redact or move to seal, the confidential designation would be rendered pointless. If the parties mean to file all materials designated as confidential under seal by agreement of the parties as opposed to Court approval, their agreement contravenes the presumption of public access to Court records. Indeed, the Court will not preauthorize the filing of documents under seal simply because the parties have agreed between themselves to do so. Either way, the Court finds the current proposal unclear.
>
> Second, the parties deleted the model language setting forth the procedure for designating deposition testimony as protected under their agreement under section 5.2(b). The Court

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
UNITED STATES COURTHOUSE
700 STEWART STREET
SEATTLE, WASHINGTON 98101

questions the decision to eliminate this language in its entirety rather than to forgo invoking the process, if deemed unnecessary, in the context of any given deposition. The Court wishes to clarify that it is the parties' intention that no deposition testimony be treated as confidential.

The parties' stipulated protective order will remain in the record but will not be entered. The parties may submit a proposed order if they address the issues identified in this letter.

Sincerely,

Jamal N. Whitehead
United States District Judge