UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL FETCHERO and ALLISON FETCHERO,<br><br>Plaintiffs,<br><br>v.<br><br>AMICA MUTUAL INSURANCE COMPANY, a foreign insurance company,<br><br>Defendant. | CASE NO. 2:22-cv-400<br><br>ORDER ON PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR AN EXTENSION AND MOTION FOR A PROTECTIVE ORDER |

Before the Court are notes evaluating loss reserves from Defendant Amica Mutual Insurance Company's claim file that were redacted and withheld from Plaintiffs Samuel and Allison Fetchero. After briefing by the parties, the Court ordered Amica to provide the claim file notes in question to the Court for *in camera* review to determine whether they should be produced. Dkt. No. 62 at 7. After thoroughly reviewing the claim file notes *in camera*, the Court comes back to complete its work, and for the reasons explained below, DENIES the Fetcheros' motion to compel. The Court also GRANTS Amica's pending motion to extend the deadline for discovery motions but DENIES its pending motion for a protective order.

## BACKGROUND

A complete accounting of the factual background of this case can be found in the Court's prior order. *See* Dkt. No. 62 at 2–4. In a nutshell, the Fetcheros seek unredacted claim file notes

from June 28, and July 2, 2021, specifically, associate claim examiner Alex Rottler's loss review completed June 28, 2021, and Steven McNaney's review completed June 2, 2021. *See* Dkt. No. 36 at 2; 40-1 at 41–42, 54–88.

## DISCUSSION

**1.    After reviewing the claim file notes *in camera*, the Court finds work-product protection is warranted.**

The Court held that associate claim examiner Alex Rottler and Steven McNaney's June 28, and July 2, 2021, claim file notes are "dual-purpose" documents—meaning they were not prepared exclusively for litigation. Dkt. No. 62 at 4. When a document serves a dual purpose, courts apply the Ninth Circuit's "because of" test. *United States v. Richey*, 632 F.3d 559, 568 (9th Cir. 2011) (citing *In re Grand Jury Subpoena, Mark Torf/Torf Envtl. Mgmt.*, 357 F.3d 900, 907 (2004)). Under this test, courts must consider the totality of the circumstances to determine whether the "document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of litigation." *Id.* (quoting 357 F.3d at 908).

After thoroughly reviewing the claim file notes *in camera*, the Court finds the notes were prepared in anticipation of litigation and that the authors would not have written their evaluations in a substantially similar form but for the impending lawsuit. Rottler and McNaney wrote their reviews during the brief window between when the Fetcheros' attorney told Amica's claims adjuster on June 5, 2021, that they would be filing a Washington Insurance Fair Conduct Act ("IFCA") lawsuit against Amica, and when Amica officially hired outside counsel on July 12, 2021. *See* Dkt. No. 40-1 at 1 ¶ 1, 89–90. The Fetcheros do not contest Amica reasonably

anticipated litigation by June 5, 2021.[1] *See generally* Dkt. Nos. 36, 42. The timing of the reviews—within days of the Fetcheros' counsel announcing their intentions to sue—suggests both Rottler and McNaney wrote their notes with litigation in mind. Further, both reviews were significantly more detailed than prior evaluations of the Fetcheros' claim, as Rottler's initial review spanned just two pages while his later review was many times greater. Taking the timeframe and level of detail into account, the Court holds both documents are eligible for work-product protection.

Rottler's deposition testimony does not call for a different conclusion. The Fetcheros argue Rottler's testimony undermines work-product protection because he confirmed he would have completed a loss reserves evaluation "regardless of whether litigation had commenced." Dkt. No. 42 at 4. But Rottler's testimony confirms only that he would have re-evaluated the Fetcheros' claim at some point, not that his evaluation would have contained similar content as the June 28, 2021, reserve review. Rottler expresses his mental impressions, thoughts, and conclusions anticipating litigation, and so his loss reserve notes qualify as opinion work product.

### 1.1. The Fetcheros do not show a compelling need for Rottler's and McNaney's claim file notes.

The Fetcheros argue for the first time in their reply that even if the claim file notes qualify as work product, their compelling need for the information outweighs any need for work-product protection. Dkt. No. 42 at 6. In their sur-reply, Amica moves to strike the Fetcheros'

---

[1] The Fetcheros do not challenge Amica's claim that it anticipated litigation by June 5, 2021; they argue instead that Amica defined work-product documents on its initial privilege log as those created after retaining counsel on July 12, 2021, and that this privilege log statement somehow waived work-product protection for any earlier created documents. Dkt. No. 36 at 15. The Fetcheros, however, provide no case law or legal support for their argument that an inaccurate statement, as opposed to knowing waiver or disclosure to a third-party, will lead to waiver. *See* Dkt. No. 36 at 15; 42 at 5. Therefore, the Court rejects the Fetcheros' argument and accepts June 5, 2021, as the date on which Amica reasonably anticipated litigation.

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR AN EXTENSION AND MOTION FOR A PROTECTIVE ORDER - 3

compelling need argument as improperly raised for the first time in their reply brief.[2] Dkt. No. 46 at 2; *see* LCR 7(g)(2) (permitting a sur-reply "strictly limited to addressing [a] request to strike"). See also *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."). Alternatively, Amica ask for "an opportunity to be heard in full on the issues as they pertain to the motion[.]" Dkt. No. 46 at 4. The Court finds it unnecessary, however, to strike or re-open the briefing schedule to allow further argument by Amica because, as explained below, the Fetcheros have failed to meet their burden to show compelling need.

In the Ninth Circuit, work product is discoverable if "mental impressions are *at issue* in a case and the need for the material is compelling." *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992) (emphasis in original). In a bad faith insurance case, the opinion of the insurer's agents "concerning the handling of the claim are directly at issue." *Id.* (citing *Reavis v. Metro. Prop. & Liab. Ins. Co.*, 117 F.R.D. 160, 164 (S.D.Cal.1987)). Therefore, the Fetcheros meet the first element set forth in *Holmgren* because the opinions of Amica's claims examiners are relevant to the Fetcheros' bad faith insurance claim.

As for the second *Holmgren* element, the Fetcheros argue they have a compelling need for the notes because they cannot obtain the information through other means because "Defendant has refused to produce [Alex Rottler and Steven Peloquin]" for "properly noted depositions." Dkt. No. 42 at 7. "At a minimum, compelling need requires that the information sought is not available elsewhere or through the testimony of another witness" including through

---

[2] Defendants also move to strike the Fetcheros' claim that Amica raised its reserves from $500,000 to $1,000,000 and that Rottler and Peloquin failed to appear for *properly* noted depositions. Dkt. No. 46 at 3. Amica argues these assertions are false because it did not set reserves to $1,000,000 and the Fetcheros did not properly serve them with subpoenas. *Id.* at 3–4. Neither statement is relevant to the Court's decision on the Fetcheros' motion to compel. Thus, the Court declines to strike either statement.

deposing an insurer's claims personnel. *Barge v. State Farm Mut. Auto. Ins. Co.*, No. C16-0249JLR, 2016 WL 6601643, at *5–7 (W.D. Wash. Nov. 8, 2016) (citing 976 F.2d at 578). The Fetcheros argue they are foreclosed from deposing Rottler about his claim file notes because when they first deposed him, they had not yet received the revised privilege log showing the date of the reserve review. But the Court will allow the Fetcheros to depose Rottler for another two hours. *See infra* Section 3. The Fetcheros therefore do not show a compelling need and the Court DENIES their motion to compel.

### 1.2. Neither party is entitled to attorneys' fees awards.

The Fetcheros argue Amica should pay their attorneys' fees related to their motion to compel under Fed. R. Civ. P. 37(d). Dkt. No. 36 at 16. Although monetary sanctions are available under Rule 37(d) if a party fails to respond to interrogatories or requests for inspection, the Court upholds Amica's claim of work-product protection. As a result, sanctions for failing to produce this protected material would be inappropriate.

Amica also moves for their attorneys' fees under Fed. R. Civ. P. 37(a)(5)(B), arguing the Fetcheros' motion to compel was not substantially justified. Dkt. No. 40 at 10–11. Under Rule 37(a)(5)(B), if a court denies a party's motion to compel, that party is liable to pay the reasonable expenses incurred in opposing the motion unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(B). Amica claims the Fetcheros' motion was unjustified given the case law in this district. But as the Court explained in its prior order, "Amica reads [the district court cases] too narrowly as neither one adopts a brightline rule[.]" Dkt. No. 62 at 5–6. The Court denies Amica's request for fees and expenses.

### 2. The Court finds good cause to consider Amica's late-filed discovery motion.

Amica moves the Court to consider its late-filed motion for a protective order. Dkt. No. 38. The Fetcheros do not oppose an extension. Dkt. No. 50 at 1.

To modify the Court's scheduling order, Amica must demonstrate "good cause" *See* Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Amica learned the Fetcheros wanted to depose Rottler and Peloquin for a second time on June 28, 2023, and conferred with the Fetcheros on July 7, 2023, before filing its discovery motion on July 13, 2023. *See* Dkt. No. 38 at 4–5. Given the timeline and the fact that the Fetcheros do not object, the Court finds good cause to extend the deadline.

**3.     Plaintiffs can depose Rottler and Peloquin for up to two hours.[3]**

Without a stipulation by the parties or order by the court, depositions are limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). "The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.* Generally, plaintiffs may depose an insurer's claims adjuster about loss reserve documents in an insurance bad faith case. *See Barge*, 2016 WL 6601643, at *5-7. But because Amica did not provide a privilege log revealing Rottler's 34-page evaluation on June 28, 2023, until after Rottler's deposition, the Fetcheros did not have a full opportunity to question Rottler and Peloquin about facts surrounding the reserve reviews. Further, the email exchange between the Fetcheros and Amica's attorneys shows the parties contemplated a second deposition. Therefore, fairness dictates that the Fetcheros should be able to depose Rottler and Peloquin for an additional two hours each, exclusive of breaks.

---

[3] In their sur-reply to the Fetcheros' motion to compel, Amica contends they failed to properly serve Rottler and Peloquin and seeks to strike a statement suggesting otherwise from the Fetcheros' motion. But Amica does not make this argument as a reason for the requested protective order. Without ruling on service, as it was not raised by Amica in its prior briefing, the Court finds another session of Rottler's deposition appropriate.

ORDER ON PLAINTIFFS' MOTION TO COMPEL AND DEFENDANT'S MOTION FOR AN EXTENSION AND MOTION FOR A PROTECTIVE ORDER - 6

**3.1.    The Court does not consider Plaintiff's improper motion for sanctions.**

In their response to Amica's motion for a protective order, the Fetcheros ask the Court to sanction Amica for initially claiming to assert privilege only over notes created after July 12, 2021, while, in fact, asserting privilege over notes created in June 2021 as well. Dkt. No. 52 at 12–14. A party may not request affirmative relief in the form of sanctions and compelling discovery responses in a response brief. Instead, a party seeking to compel a response or sanction the opposing party must file its own motion under Fed. R. Civ. P. 37, including certification of good-faith efforts to confer with the withholding party. *BBC Grp. NV LLC v. Island Life Rest. Grp. LLC*, No. C18-1011 RSM, 2019 WL 2326212, at *1 (W.D. Wash. May 31, 2019). Because the Fetcheros' response fails to meet these requirements, the Court denies their request for sanctions.

## CONCLUSION

Accordingly, the Court DENIES the Fetcheros' motion to compel. Dkt. No. 36. The Court GRANTS Amica's motion for an extension of the discovery motion deadline. Dkt. No. 38. But the Court DENIES Amica's motion for a protective order. The Fetcheros may depose Rottler and Peloquin for up to two additional hours each, exclusive of any breaks.

Dated this 6th day of October, 2023.

Jamal N. Whitehead
United States District Judge