UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMUEL FETCHERO and ALLISON FETCHERO, <br><br> Plaintiffs, <br><br> v. <br><br> AMICA MUTUAL INSURANCE COMPANY, a foreign insurance company, <br><br> Defendant. | CASE NO. 2:22-cv-400 <br><br> ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE PARMENTER'S TESTIMONY |

Before the Court is Plaintiffs Samuel and Allison Fetcheros' motion to exclude the testimony of Defendant Amica Mutual Insurance Company's expert witness, Brett Parmenter. Dkt. No. 55. Having reviewed the motion and supporting documents, the Court DENIES the Fetcheros' motion.

## 1. BACKGROUND

On April 5, 2016, an underinsured driver rear-ended Samuel Fetchero ("Sam").[1] Dkt. No. 27 at ¶ 7. Sam alleges he suffered "multiple injuries resulting in

---

[1] Because the Fetcheros share the same last name, the Court uses their first names to avoid confusion. The Court intends no disrespect.

ORDER - 1

special and general damages." *Id.* ¶ 9. The Court set May 1, 2023, as the deadline for the parties' initial expert disclosures, and May 31, 2023, as the deadline for any rebuttal expert disclosures. Dkt. No. 29.

The Fetcheros' retained Gary Stobbe, M.D. to render an expert opinion about the nature and extent of Sam's injuries from the April 5, 2016, car crash. In preparing his report, Stobbe reviewed Sam's medical records and interviewed the Fetcheros. Dkt. No. 56-8 at 2. Stobbe found "on a more-probable-than-not basis" that Sam's "[m]ild traumatic brain injury (mTBI), with cognitive and behavioral complaints[,]" "[p]ost-concussion syndrome[,]" and "[a]djustment disorder with mixed anxiety and depressed mood" all related to the April 5, 2016 accident. *Id.* at 2-3. With respect to ongoing symptoms, Stobbe stated Sam experiences "a super-imposed adjustment disorder with anxiety and depressed mood. This developed due to the injury suffered on [April 5, 2016], and likely contributes to his ongoing cognitive and residual complaints." *Id.* at 4. Stobbe added, "[c]onsidering both the mTBI/concussion and the adjustment disorder stemmed from the [April 5, 2016] injury and that both are likely contributing to [Sam's] ongoing cognitive and behavioral symptoms," he cannot "tease out a percentage of residual to each diagnosis specifically." *Id.*

Stobbe opined the "[t]reatment provided for [Sam] through [December 1, 2021] as described has been reasonable and appropriate as related to the diagnoses of mTBI, post-concussion syndrome, and adjustment disorder." *Id.* Further, Stobbe stated, "[a]dditional psychological counseling, ideally with a rehabilitation

psychologist, although not expected to be curative, could further optimize [Sam's] ability to function with his ongoing residual complaints." *Id.*

Amica identified Brett Parmenter, Ph.D., ABPP, as a rebuttal witness. Parmenter opined the April 5, 2016, accident did not cause Sam any neuropsychological injuries, and that "[t]here was . . . no evidence that he sustained a concussion or traumatic brain injury of any severity." Dkt. No. 56-7 at 19. Parmenter further found that, because of a subsequent motor vehicle accident on December 9, 2018, Sam "experienced increased symptoms of anxiety." *Id.* at 21.

Parmenter also responded to 14 questions presented by Amica's counsel. *Id.* at 19-22.

## 2. DISCUSSION

**2.1  Legal standard for rebuttal expert reports.**

Expert disclosures must be made at the times and in the sequence set by the court. Fed. R. Civ. P. 26(a)(D). Once an expert disclosure is made, the other party may offer a rebuttal expert, but only if their report satisfies two elements: "it must address 'the same subject matter' as another party's expert report and [it] must be 'intended solely to contradict or rebut' that report." *U.S. Bank, N.A. v. Glogowski L. Firm, PLLC*, 339 F.R.D. 579, 581 (W.D. Wash. 2021) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). The proposed rebuttal expert, however, need not say in their report that they are rebutting the testimony of the opposing party's expert. *See Rapp v. NaphCare, Inc.*, No. 3:21-CV-05800-DGE, 2023 WL 3983662, at *2 (W.D. Wash. June 13, 2023). District courts have discretion to exclude the testimony of an

improperly disclosed expert as a discovery sanction. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing Fed. R. Civ. P. 37(c)(1)).

**2.2    Stobbe's and Parmenter's opinions address the same subject matter.**

The Fetcheros ask the Court to strike Parmenter "as an expert witness" because her report does not address the same fundamental subject as Stobbe's. Alternatively, the Fetcheros "ask the Court to exclude . . . Parmenter's opinions to Questions 7 through 14[.]" Dkt. No. 55 at 14.

The Fetcheros argue Parmenter, as a neuropsychologist, lacks the qualifications to testify about the same subject matter as Stobbe, a board-certified neurologist. *Id.* at 12. They cite various statutes delimiting the scope of Parmenter's and Stobbe's respective medical fields. But even assuming there are meaningful distinctions between Parmenter's and Stobbe's qualifications, the Fetcheros offer no legal authority showing this alone could negate Amica's claim that Parmenter's report was offered to "contradict or rebut" Stobbe's. Fed. R. Civ. P. 26(a)(D)(ii). That's because whether Parmenter is a qualified expert under Rule 702 is a different inquiry than whether her report addresses the same subject matter as Stobbe's and can thus be treated as a rebuttal report. The Fetcheros recognize this important distinction in their reply brief when they state they are "not requesting to exclude … [Parmenter] under *Daubert* and FRE 702." Dkt. No. 58 at 1. So the Court will not weigh in on Parmenter's qualifications or background, but will instead focus on the substance of her report and whether it mirrors or otherwise meets the topics covered by Stobbe's. *See* Dkt. No. 56-6 at 6.

ORDER - 4

The Fetcheros also argue Parmenter's opinions contained in her report do not rebut Stobbe's testimony. Specifically, the Fetcheros argue Stobbe does not mention Sam's December 9, 2018, collision in his report, and therefore, Parmenter's report introduces new evidence by discussing Sam's subsequent accident. Dkt. No. 55 at 13. The Fetcheros also argue that "Stobbe did not address whether [Sam] was following his providers' recommendations or whether [Stobbe] agreed with the techniques and conclusions of other providers." *Id.*

But Stobbe's findings about the April 5, 2016, accident and Sam's injuries are sweeping, which has opened the door for Amica to take a broader approach to its rebuttal expert report. *Cf. Theoharis v. Rongen,* No. C13-1345RAJ, 2014 WL 3563386, at *4 (W.D. Wash. July 18, 2014) ("Waiting until the rebuttal deadline carries risk. If an opposing party offers no expert disclosures, or only narrow disclosures, there will be little or nothing to rebut."). Thus, the Court will not exclude Parmenter's responses discussing the December 9, 2018, accident. Although Stobbe does not mention it in his expert report, he opines Sam's injuries flow from the April 5, 2016, accident; Parmenter rebuts this conclusion with her opinions about an intervening or alternative cause. Likewise, the Court will not exclude Parmenter's opinion about whether Sam followed his medical providers' recommendations. Whether he followed their prescribed course of treatment also speaks to causation and directly rebuts Stobbe's conclusions.

The fact that Parmenter was unaware Amica had identified her as a rebuttal expert or that she could not identify during her deposition which parts of Stobbe's report her testimony was expected to rebut does not change the Court's analysis.

ORDER - 5

*See Rapp*, 2023 WL 3983662, at *2 ("[The expert] need not, as Plaintiffs suggest, specifically indicate in his opinions that he is rebutting the testimony of [the opposing parties' expert].").

**2.3   The Court denies the Fetcheros' request for attorneys' fees.**

Having denied their motion to exclude Parmenter's testimony, the Court denies the Fetcheros' request for fees in bringing this motion.

### 3.  CONCLUSION

For the reasons expressed above, the Court DENIES the Fetcheros' motion to strike Brett Parmenter, Ph.D. as a rebuttal expert or to exclude her responses to Amica's counsel's questions seven through 14. This order should not be construed as a ruling on the admissibility of Dr. Parmenter's testimony as an expert witness or as precluding the Fetcheros from seeking a later-limiting instruction concerning the scope of her testimony.

Dated this 22nd day of November, 2023.

Jamal N. Whitehead
United States District Judge